*151 OPINION.
Arundell:
The respondent has excluded from invested capital the amount of $300,000 claimed by petitioner to represent the value of good will acquired in 1890 from the predecessor partnership. When petitioner was organized in 1890, it issued all of its capital stock, having a par value of $1,000,000, for all the assets, tangible and intangible, and specially including good will, of the partnership. The amount at which good will was originally entered on petitioner’s *152 books was not shown, due to the destruction of the early records, but the resolution of February 7, 1894, indicates that it was an amount greater than $300,000, at which figure it has since been carried.
We are satisfied from the evidence that the good will acquired for stock had a value of not less than the amount claimed. Witnesses qualified, by their long business experience in San Francisco as merchants and by their knowledge of the partnership business and acquaintance with the partners, to express an opinion, testified that the amount claimed as the value of good will is not excessive. On the basis of the testimony of the witnesses we have found as a fact that the good will acquired by petitioner had a cash value at the date of acquisition of not less than $300,000. This amount, subject to the limitation properly applicable, may be included in invested capital for the several years involved.
The respondent in his answer concedes error in including in taxable income for 1919 the dividends from domestic corporations received by petitioner in the amount, of $22,344.50. This amount should be eliminated on recomputation. Counsel for petitioner, in his brief, concedes that under' the rulings of the Board, the waivers of the statute of limitations executed by petitioner effect an extension of the period within which assessment may be made until the termination of this proceeding.

Judgment will l>e entered under Rude 50.